Curia, per Butler, J.
This case might well be dismissed, by saying that this court entirely concurs in the judgment below ; and little need be added to that judgment. There does not appear to have been any pretence but that the plaintiff was well acquainted with the facts' connected with the demand and payment of his money to the City Council. At least, they were as well known to him as to the whole community. There was no disguise, by that body, of the grounds on which it claimed from the plaintiff, and other non-residents, extra sums for badges. The plaintiff, also, had every opportunity of informing himself as to the law, and was under no coercion to abide by the ordinance under which he paid his money. He either paid it with a knowledge of the law on the subject, or • in ignorance of it. In either point of view, the payment was voluntary. If he knew that the tax was illegal, he must be regarded as having waived all exceptions when he paid it, and .is like one who has paid his money by voluntarily submitting to extortion, rather than take, the pains or trouble to resist it. Indeed, he sought, of his own accord, the employment that was entirely under the control of a corporation of which he was not a member. Rather than employ his hands in other kinds of service, he chose to seek the employment peculiar to the cityj for them, from the belief that it was more profitable. Here there can be no complaint, that he- has either been deceived, or.coerced, in the payment of money. If'he acted upon á. knowledge of his rights, he has compromised them. But it has been mainly contended, that he was ignorant of his rights, when he submitted to the illegal tax. If so, how can he escape from the common, and, in my opinion, salutary principle, ignorantia legis non excusat.* Every one is supposed to be cognizant of the law, when he makes a contract, and, when there is n.o fraud, or concealment of facts, he must abide by it, whatever it may be. The pregnant question put by Lord Ellenborough, in the case of Bilbie vs. Lumley, 2 East, 470, indicates the whole law of the case. He asked, could any case be *319 stated “ where, if a party paid money to another voluntarily, with a full knowledge of all the facts of the case, he could recover it back, on account of his ignorance of the law 7”
The remarks of Gibbs, J. in the- case of Brisbane vs. Dacres, 5 Taunt. 152, give, in simple, but illustrative terms, the reasons of the law. ' “ I think,” says he, “ that by'submitting to such a demand, he that pays the money gives it to the perso'n to whom he pays it,' and makes it his, and closes the transaction between them.” The case from Oowen, referred to by the circuit Judge, gives an apt illustration of the doctrine. The plaintiff crossed the river on the ice, near a neighboring bridge, and was required to pay toll.. He submitted to the demand, and af-terwards brought, his action to recover back the sum thus paid. It was said by the court, that the plaintiff, instead of paying the demand, should have suffered a prosecution, and he had to abide by the rule, volenti non jit injuria.*
So, in the case under consideration, the plaintiff paid his money without objection or -reservation. He could have tendered the sum really demandable, and have gone on, and submitted to legal proceedings against him ; and in Such proceedings he must have succeeded, if a badge was demandable, as a matter of right, by all the citizens of the State. 'In'waiving his legal right, he may be regarded as having voluntarily given so múch money to the City Council,' for the privilege of letting his slaves work in 'the city without molestation. Like many others, who have not complained, he may.not have thought the tax wrong at the time, and may have regarded it in this light— as the price of protection and profitable employment. It seems to me, that it would be most mischievous to open such transactions as these, after money has been expended upon the assumption that it was lawfully acquired, and particularly after the payment of it may have been acquiesced in, during nearly the whole period of the statute of • limitations. It would be to remove the sense of security . for past transactions, and to let loose a great deal of treach *320 erous litigation. There are some cases in which it has been held, that where sums have been paid on a mistake of the law, they may be recovered back. It is difficult to follow, with any degree of precision, the principle of such decisions. The ease of Lawrence vs. Baubien, 2 Bail. 623, may be well vindicated by its palpable justice. The party defendant had not- paid his bond, and resisted its payment, on the ground that the contract had been, on advisement, made in a mistake of the law. He bought his own land, when he supposed he was buying out the right of another. If he had actually paid the money on the bond, he might have occupied a very different, and a more unfavorable, attitude before the court. It is, however, unnecessary to say anything more of that case, as I think its principle is not at all involved in the one before us. An actual mistake of the law, made directly in reference to the law itself, is distinguishable from negative inattention. It is the difference between delusion and ignorance.
The decision below is affirmed. Motion dismissed.
Richardson, O’Neall, Evans, Wardlaw and Frost, JJ. concurred.

Broom L. M. 122.

Broom L. M. 127.